**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO MIGUEL LOPEZ-SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement, et al., <br><br> Respondents. | Case No.:  3:26-cv-01288-RBM-BJW <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[Doc. 1]** |

On February 28, 2026, Petitioner Francisco Miguel Lopez-Sanchez ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  Petitioner claims he is being detained in violation of the Administrative Procedure Act, the Immigration and Nationality Act, and the Fifth Amendment's Due Process Clause.  (*Id*. ¶¶ 28–60.)  For the reasons below, the Petition is **GRANTED**.

## I.   BACKGROUND

Petitioner, a citizen of El Salvador, entered the United States without inspection on June 27, 2013.  (*Id.* ¶¶ 17–18.)  Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (Doc. 6 at 2 (citing Doc. 6-1 at 6).)  After receiving a positive credible fear determination, Petitioner was issued a Notice to Appear, which initiated removal proceedings against him under 8 U.S.C. § 1229.  (*Id.*)

1

Petitioner was then released from immigration custody on a $7,500 bond.  (Doc. 1 ¶ 19.) Petitioner was subsequently re-detained on October 30, 2025.  (Doc. 6 at 2.)

On February 28, 2026, Petitioner commenced this action by filing the Petition. (Doc. 1.)  The Court issued an Order to Show Cause and set a briefing schedule on March 2, 2026.  (Doc. 2.)  On March 9, 2026, Respondents filed their Return to Petition ("Response").  (Doc. 6.)  Petitioner was authorized to file a reply on or before March 16, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    DISCUSSION

Respondents argue that: (1) Petitioner's claims are jurisdictionally barred by 8 U.S.C. § 1252(g); (2) Petitioner is mandatorily detained under 8 U.S.C. § 1225(b); and (3) Petitioner's detention has not become unconstitutionally prolonged.  (Doc. 6 at 3–9.)

Respondents' arguments are nearly identical to those previously addressed by the undersigned.  *See, e.g.*, *Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, Case No.: 3:25-cv-02940-RBM-JLB, 2025 WL 3208844, at *2–7 (S.D. Cal. Nov. 17, 2025); *Rodriguez v. LaRose*, 2025 WL 3456475, at *3–5 (S.D. Cal. Dec. 2, 2025).  In those decision, the Court found that: (1) it had jurisdiction to hear the petitioners' claims because they challenged the lawfulness of their ongoing detention rather than the decision to commence removal proceedings or any act to execute a removal order; and (2) "'a proper

understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years. *Rodriguez*, 2025 WL 3456475, at *2–5 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court makes the same findings here.

There is no dispute that Petitioner was detained on October 30, 2025, after having resided in the United States for 13 years. (Doc. 1 ¶ 19; Doc. 6 at 2.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention. Petitioner's re-detention without notice or a pre-deprivation hearing, then, violated his due process rights and renders his detention unlawful. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

Furthermore, the Court finds that immediate release, rather than a further bond hearing, is the appropriate remedy. *Accord Lopez-Mendez v. Larose*, Case No. 25-cv-03037-BAS-DDL, 2025 WL 3295331, at *2–4 (S.D. Cal. Nov. 26, 2025) (granting petition and ordering the petitioner released on the same bond and conditions set by the immigration judge in 2017); *Rodriguez*, 2025 WL 3485876, at *1–2 (granting petition and ordering the petitioner released on the same bond and conditions set by the immigration judge in 2009); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.") The Petition is therefore **GRANTED**.

3:26-cv-01288-RBM-BJW

## IV.   CONCLUSION[1]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the same $7,500 bond and conditions of release as ordered by the immigration judge in 2013.  (*See* Doc. 1 ¶ 19; Doc. 6 at 2.)

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

**IT IS SO ORDERED**.

DATE:  March 24, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1044 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-01288-RBM-BJW